John DOE, Appellant,

v.

Jenny ROE, Appellee.

No. 5470.

Court of Civil Appeals of Texas, Eastland.

May 22, 1980.

Rehearing Denied June 18, 1980.

John Fouts, Adkins & Chapman, Haskell, for appellant.

Carol Estes, Abilene Legal Aid, Abilene, for appellee.

BROWN, Justice.

█ The issue is whether an alleged biological father, not a party to a divorce proceeding, may proceed under Tex.Fam. Code Ann. § 14.08 (Vernon 1975)[1] to modify the prior divorce decree as to the conservatorship of a child not legitimate as to him. On the court's own motion the parties will be identified by fictitious names, as authorized by Tex.Fam.Code Ann. § 11.19(d) (Vernon 1975).

At the time baby Sue was born, her mother Jenny was married to Chris. Subsequently, Jenny and Chris were divorced. Baby Sue was declared a child born of the marriage, and the decree appointed Jenny managing conservator and Chris possessory conservator of baby Sue. Some twenty-five months later, John filed the instant motion seeking a modification of the prior divorce decree regarding the conservatorship of baby Sue. John claimed to be the biological father of the child and sought to be appointed managing conservator, or in the alternative, possessory conservator of said child. To this motion, Jenny filed a plea in abatement in which she contended John had no legal right to maintain his suit since he was not a "party affected by the order" as required by Section 14.08 of the Family Code. The trial court sustained the plea and dismissed John's action. He appeals. We affirm.

John concedes that the minor child is not legitimate as to him and that no parent-child relationship exists between him and the child. He argues, however, that because he is the biological father of the child he is a "party affected" under Section 14.08, supra, and may bring a motion to modify under said section. We disagree.

To have standing to bring a proceeding under Section 14.08, supra, a person must be a "party affected by the order." In contrast, a proceeding under Tex.Fam.Code Ann. § 11.03 (Vernon 1975) may be brought by "any person with an interest in the child."

█ Texas courts have long held that a "party" is one by or against whom a suit is brought while all others who may be incidentally or consequently affected were "persons interested" but not parties. *Southern Surety Co. v. Arter*, 44 S.W.2d 913 (Tex.Com.App.1932, judgment adopted); *Allied Drug Products Co. v. Seale*, 49 S.W.2d 704 (Tex.Com.App.1932, judgment adopted).

If the legislature had intended to grant the right to modify a custody decree, to any "person interested" they would have so stated. *First State Bank of Bedford v. Miller*, 563 S.W.2d 572, 577 (Tex.1978). We, therefore, conclude that since John was not a "party affected" by the original lawsuit in which custody was determined, he is with-

1. Tex.Fam.Code Ann. § 14.08 (Vernon 1975) provides in pertinent part:

A court order or the portion of a decree that provides for the support of a child or the appointment of a conservator or that sets the terms and conditions of conservatorship for, support for, or access to a child may be modified only by the filing of a motion in the court having jurisdiction of the suit affecting the parent-child relationship. Any party affected by the order or the portion of the decree to be modified may file the motion.

**380**

out standing to bring proceedings under Tex.Fam.Code Ann. § 14.08 (Vernon 1975).

We have considered and overrule appellant's only point of error.

The judgment is affirmed.