**Randa Cramer BEACH, Appellant,**

v.

**Christopher Scott BEACH and Robert J. Piro, Appellees.**

No. 14–94–00566–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 22, 1995.

---

Wayne H. Paris, Houston, for appellant.

Robert J. Piro, Houston, for appellees.

Before LEE, HUDSON and EDELMAN, JJ.

## OPINION

EDELMAN, Justice.

Randa Cramer Beach appeals the declaratory judgment granted in favor of Christopher Scott Beach and Robert J. Piro on the grounds that (1) the trial court did not have subject matter jurisdiction, (2) the judgment is an advisory opinion, (3) Piro's intervention was untimely, (4) Piro had no justiciable interest in the proceedings in which he intervened, (5) the declaratory judgment determined tort liability, (6) the declaratory judgment purported to determine the liability of a non-party to the proceeding, (7) a declaratory judgment was not the proper method to determine this dispute, (8) the appellees improperly sought to enforce a divorce decree through the declaratory judgment motion, and (9) her motion for continuance should have been granted. We reverse.

On October 2, 1993, while their divorce action was pending, Randa and Christopher signed a "Mutual Release" (the "release") in which they released each other and their successors, assigns and legal representatives[1] from liability for any action taken in connection with their divorce proceeding. On October 4, 1993, the judge of the 310th

---

1. Piro was not a party to this release, and was not referred to therein by name, but only by the term, "legal representatives."

District Court signed their final divorce decree, which contained a detailed property division. Robert Piro acted as Christopher's attorney in the divorce action.

On February 10, 1994, Piro, as an intervenor, filed in the divorce case an action to enforce the divorce decree and for declaratory judgment. Anticipating that Randa might sue him for pleadings he had filed in the divorce action, Piro sought a declaratory judgment that Randa had no cause of action against him, and that the final decree of divorce terminated any such causes of action that she may have had. On March 2, Randa filed a motion to strike this intervention and to dismiss Piro's action. This motion was set for hearing on March 28.

On March 3, Randa filed a lawsuit against Piro in the 234th District Court for fraud, malicious prosecution and conspiracy.

On March 8, Christopher filed in the divorce action a motion to enforce the divorce decree and for declaratory judgment that Randa had no cause of action against either him or Piro.[2] Randa again filed a motion to dismiss and a general denial, and this motion was also set to be heard on March 28.

On March 28, the 310th District Court denied Randa's motions to strike and dismiss Piro's action and Christopher's motion, and those matters were set for hearing on the merits.

On April 11, Randa filed in the divorce action a plea to the jurisdiction, and alternatively, a plea in bar and motion for continuance on the grounds that her case against Piro was currently pending in the 234th District Court. On April 13, the 310th District Court denied these motions, and entered a declaratory judgment that Piro was not liable to Randa for any cause of action based on his representation of Christopher in the divorce action. On April 25, the trial court entered the following findings of fact and conclusions of law:

**2.** Christopher's motion sought judgment that:
(1) the motion filed by Piro did not affect the protective order in the divorce decree, and that Randa was still bound by that order, and
(2) the striking of Randa's pleadings together with the release she executed bar her from any civil action she may have had against Christo-

## FINDINGS OF FACT

1. It is undisputed that Randa Cramer Beach executed the Mutual Release placed in evidence.

2. This action was filed approximately three weeks before the action by Plaintiff against Defendant was filed in [the 234th District Court].

## CONCLUSIONS OF LAW

1. This Court has subject matter [3] and personal jurisdiction.

2. Neither the pleadings of Randa Cramer Beach nor the evidence suggests any reason why this court should not have heard this matter.

3. Neither the pleadings of Randa Cramer Beach nor the evidence raised any issue in avoidance of or in defense to the Release such as would show the Release was not enforceable according to its terms.

4. The filing of the Motion by Mr. Piro did not dissolve or affect the confidentiality provisions of the final decree.

■ In her second and seventh points of error, Randa claims that Piro's intervention should have been barred as untimely, and that Christopher's motion and Piro's intervention should have been stricken because the mutual release was not part of the divorce decree, and, thus, could not be enforced through a motion to enforce the decree. Because we find these points dispositive of the appeal, we address them first.

■ Once final judgment is rendered in a case, an intervention cannot be filed therein unless the judgment is set aside. *First Alief Bank v. White*, 682 S.W.2d 251, 252 (Tex. 1984); *Comal County Rural High Sch. Dist. No. 705 v. Nelson*, 314 S.W.2d 956, 957 (Tex. 1958). Similarly, only one final judgment can

pher or Piro by reason of any allegation of a frivolous lawsuit.

**3.** A family district court has the same jurisdiction as other district courts in the county in which it is located. Tex.Gov't Code Ann. § 24.601 (Vernon 1988).

be rendered in any lawsuit except where otherwise specifically provided by law. TEX. R.CIV.P. 301. Where a second final judgment is entered which does not vacate or replace the first final judgment, the second judgment is a nullity. *Mullins v. Thomas,* 136 Tex. 215, 150 S.W.2d 83, 84 (1941); *Azbill v. Dallas County Child Protective Serv. Unit,* 860 S.W.2d 133, 139 (Tex.App.—Dallas 1993, no writ).

After rendition of a divorce decree, the trial court retains the power to enforce the property division. TEX.FAM.CODE ANN. § 3.70(c) (Vernon 1993). A court order or property division may be enforced by filing a motion in the court that rendered the decree by any party affected by the order or decree. *Id.* § 3.70(a). However, the trial court generally may not modify the property division, and its enforcement orders are limited to clarification of the decree and may only specify more precisely the manner of effecting it. *Id.* § 3.71(a). An enforcement order that modifies a property division is beyond the power of the court to enter and unenforceable. *Id.* § 3.71(b). In determining the nature of a pleading, we look to the substance of the plea for relief, not merely the form of title given to it. TEX.R.CIV.P. 71; *State Bar v. Heard,* 603 S.W.2d 829, 833 (Tex.1980).

In this case, the divorce decree had been entered and became final when Piro filed his action. In the introductory paragraph of Piro's pleading, Piro is described as an intervenor. Moreover, we find no indication that Piro was a party to, or a third-party beneficiary of, the divorce decree. Nor do we find any provision contained or adopted by reference in the divorce decree which affects possible claims by Randa against Piro. Under these circumstances, we conclude that Piro's action was not an action to enforce the divorce decree, but was an intervention which was untimely because it was filed after final judgment was rendered in this case.

■ We are similarly unable to see how the relief sought in Christopher's motion is limited to clarification of the divorce decree. That motion does not refer to any language of the decree, but seeks a determination based on the striking of Randa's pleadings and the release executed by her, which were apparently part of the divorce proceedings and settlement, but which were not incorporated into the divorce decree or property division.

The declaratory judgment rendered by the court was based on both Piro's action and Christopher's motion. Neither that judgment nor the trial court's findings of fact and conclusions of law is grounded upon any provision of the divorce decree, except to reiterate that the decree's confidentiality provisions remain in effect. Instead, from the findings of fact and conclusions of law, it appears that the determination that Piro was not liable to Randa was based on the release document rather than the divorce decree. Moreover, the release does not purport to be part of the divorce decree, nor does the divorce decree incorporate the release by reference.

■ Based on these facts, we have no basis to conclude that Christopher's motion was an action to enforce the property division, that the declaratory judgment was an order of enforcement of the property division, or that trial court otherwise had the power to enter the declaratory judgment in light of the single judgment rule. *See* TEX. R.CIV.P. 301; *Butler v. Stonewall Bank,* 569 S.W.2d 542, 545 (Tex.App.—Corpus Christi 1978, no writ), *overruled on other grounds,* 812 S.W.2d 372 (Tex.App.—Corpus Christi 1991, no writ). Because we sustain Randa's second and seventh points of error, we need not address her remaining points. Accordingly, we (1) find that the declaratory judgment entered by the trial court is a nullity, (2) reverse it, and (3) dismiss the intervention filed by Piro and the motion to enforce filed by Christopher.