Michael G. BROWN, M.D., Appellant,

v.

Donn C. FULLENWEIDER,
et al., Appellees.

No. 09–97–519 CV.

Court of Appeals of Texas,
Beaumont.

Submitted June 17, 1999.

Decided Dec. 30, 1999.

Richard N. Countiss, Houston, for appellant.

Billy Shepherd, John D. Vogel, Cruse, Scott, Henderson & Allen, Linda A. Hinds, Fullenweider & Associates, Houston, for appellee.

Before WALKER, C.J., STOVER and HILL, [1]JJ.

## OPINION

JOHN HILL, Justice (Assigned).

Michael G. Brown, M.D., appeals from a judgment in favor of Donn C. Fullenweider, individually and on behalf of J.D. "Bucky" Allshouse, J. Michael Hill, and Joseph Constantino, for attorney's fees incurred resulting from Fullenweider's representation of Brown in a divorce proceeding and from a summary judgment that he take nothing from Fullenweider in a claim for legal malpractice. He presents three issues on appeal: (1) Can a court deny a motion to dismiss, render a severance order, and establish a new number and case file for a motion that is filed in a case over which the court has no jurisdiction? (2) Can a court grant a summary judgment in a non–existent case? and (3) Must a judgment be reversed and remanded for new trial if the court reporter cannot provide a complete record of the trial court proceedings? He has waived the contentions presented in issue number three.

We affirm because: (1) the trial court had jurisdiction over Fullenweider's motion to enforce or clarify since Fullenweider was a party affected by the decree with respect to the issue of attorney's fees; and (2) Dr. Brown's assertion that the trial court could not sever Fullenweider's motion from the divorce action because of its asserted lack of jurisdiction over the motion is without merit.

Fullenweider represented Dr. Brown in a divorce proceeding in which the decree was signed on December 16, 1994. In that decree the trial court divided the marital estate according to the provisions of an Agreement Incident to Divorce that was not filed with the papers of the cause. The decree, while not specifically mentioning attorney's fees, provides that the parties "shall do all necessary acts to carry out the provisions of such Agreement." The Agreement Incident to Divorce provides that Dr. Brown is to pay all outstanding attorney fees and fees for other professional fees that he incurred in the divorce.

On February 14, 1996, in the same divorce case, Fullenweider filed a "Motion to Enforce Decree of Divorce Alternatively Motion for Clarification" seeking judgment for his attorney's fees and the fees of other professionals employed in connection with the divorce. Brown sought dismissal of the claim, asserting lack of jurisdiction on the basis that the action was filed after the divorce decree had become final and Fullenweider was not a party or third party beneficiary to the divorce decree who would have standing to enforce the decree. In response, Fullenweider urged that he was a party affected by the divorce decree and that the court had jurisdiction to consider his claim as a clarification and enforcement of the divorce decree. Alternatively, he requested that the trial court sever the claim from the divorce case. The trial court severed Fullenweider's claim from the divorce case and docketed it under a new number. Dr. Brown then filed his counterclaim for legal malpractice. Subsequently, the trial court granted Fullenweider's motions for summary judgment granting him a judgment against Dr. Brown for his attorney's fees, the fees of the other professionals, prejudgment and postjudgment interest, and attorney's fees incurred in obtaining the judgment, as well as a judgment that Brown take nothing in his counterclaim.

A party affected by a divorce decree may bring a request for enforce-

---

1. The Honorable John Hill, sitting by assignment pursuant to TEX. GOV'T CODE ANN.

§ 74.003(b) (Vernon 1998).

ment of that decree in the court that rendered the decree. Former § 3.70, TEX. FAM.CODE ANN., now TEX. FAM.CODE ANN. § 9.001 (Vernon 1998). A "party" is one by or against whom a suit is brought while all others who may be incidentally or consequently affected are "persons interested" but not parties. *See Southern Surety Co. v. Arter,* 44 S.W.2d 913, 915 (Tex.Com. App.1932, judgm't adopted); *Doe v. Roe,* 600 S.W.2d 378, 379 (Tex.Civ.App.—Eastland 1980, writ ref'd n.r.e.). This rule is applicable in divorce proceedings. *Doe,* 600 S.W.2d at 379. Consequently, a nonparty who is affected by an order lacks standing to proceed under a statute authorizing that a motion may be brought by a party who is affected by an order. *Doe,* 600 S.W.2d at 379. Generally, an attorney is not a party in a divorce proceeding. *See Beach v. Beach,* 912 S.W.2d 345, 348 (Tex. App.—Houston [14th Dist.] 1995, no writ); *Martinez v. Martinez,* 608 S.W.2d 719, 720 (Tex.Civ.App.—San Antonio 1980, no writ). However, the attorney in a divorce proceeding is considered as a party with respect to the issue of his or her attorney's fees. *See John M. Gillis, P.C. v. Wilbur,* 700 S.W.2d 734, 736 (Tex.App.—Dallas 1985, no writ). Fullenweider's motion for enforcement or clarification was brought with respect to the issue of attorney's fees as set forth in the decree and the accompanying agreement incident to divorce. We hold, then, that Fullenweider was a party affected by the divorce decree, giving him standing to bring his motion. The motion being a proper motion for clarification or enforcement of the decree, the trial court retained jurisdiction for that purpose.

■ Dr. Brown first contends that the trial court did not award in the decree the fees in question. In the divorce decree, the trial court ordered and decreed that the parties should divide their assets and liabilities as set out in the Agreement Incident to Divorce and that the parties "shall do all necessary acts to carry out the provisions of the agreement." The agreement provided that each party was to be responsible for his/her own attorney's fees incurred as a result of legal representation in the case. A schedule of debts to be paid by Brown that was attached as part of the agreement includes "all outstanding attorney fees and fees for other professionals incurred by Michael G. Brown in connection with this lawsuit." Consequently, we hold that the decree did provide that Dr. Brown was to pay his attorney and other professionals employed by him with respect to the divorce. Therefore, we do not accept his position that the trial court did not award attorney's fees in the divorce decree.

In support of his argument that Fullenweider was not a party who could enforce the decree, Dr. Brown relies on the case of *R.H. v. State,* 905 S.W.2d 726, 729 (Tex. App.—San Antonio 1995, no writ). In *R. H.,* the court discussed the definition of the term "party" as defined in Section 51.02 of the Texas Family Code and held that the complaining witness in a juvenile prosecution is not a party within the terms of the definition. Under the terms of Section 51.02, the definition is limited to the term as used in Title 3, the Juvenile Justice Code portion of the Family Code. TEX. FAM.CODE ANN. § 51.02(10) (Vernon 1996). We therefore do not find *R.H.* to be inconsistent with our opinion.

■ Dr. Brown contends that the suit is not a proper one for clarification or enforcement because the Agreement Incident to Divorce is silent as to any amount he owes Fullenweider and would require a judicial determination of a sum not mentioned in the divorce decree or the settlement agreement, a sum that he disputes, and a sum not sought or awarded to one of the parties in the original case.

We have held that the divorce decree awarded an unstated amount of money to Dr. Brown's attorney for attorney's fees and other professional fees. The purpose of the motion is to clarify to whom the attorney's fees and expert fees were to be paid and the amount of such fees. The clarification did not amount to a modifica-

tion of the property division, only a clarification as to the creditor and the amount of a debt that had already been divided as part of the property division. It did not constitute a substantive change in the decree, only an enforcement of the provision that Dr. Brown was to pay these fees. Because it was not a modification of the property division, it was not a substantive change in the decree. *See Able v. Able,* 725 S.W.2d 778, 779 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.).

Dr. Brown relies upon the case of *Beach v. Beach,* 912 S.W.2d at 345. We find that case to be distinguishable. In *Beach,* the husband and wife in a divorce action signed a mutual release of each other and others, including their legal representatives, from liability for any action taken in connection with their divorce proceeding. *Id.* The release was not a part of the divorce decree, either directly or by reference. *Id.* at 348. After the divorce decree had become final, the husband's attorney sought to intervene, seeking a declaratory judgment that he had no liability to the wife stemming from his representation of the husband in the divorce. *Id.* at 347. The husband brought an action to enforce the decree and for declaratory judgment to the effect that neither he nor his attorney had any liability to the wife. *Id.* The trial court issued a declaratory judgment that the husband's attorney was not liable to the wife for any action taken in connection with the divorce proceeding. *Id.*

On appeal, the court reversed, saying that once final judgment is rendered in a case an intervention cannot be filed therein unless the judgment is set aside. *Id.* Additionally, the court noted that the husband's attorney was not a party because nothing in the decree or adopted by reference in the decree affected any possible claims by the wife against the husband's attorney. *Id.* at 348. In this case, Fullenweider is not an intervenor but a party affected by the order because the provisions in the

Agreement Incident to Divorce that Dr. Brown was to pay his attorney's fees, as well as experts employed in the divorce action, was incorporated into the divorce decree by necessary implication, because the just and right division of the community estate was totally contained in the agreement as opposed to the decree itself.

Dr. Brown's only argument with respect to the validity of the severance of this action from the divorce action is that the trial court did not have jurisdiction over the motion to enforce or clarify because it was filed after the court's plenary power had expired. We decline to accept Dr. Brown's contention in view of our determination that the trial court had jurisdiction over the motion to enforce or clarify.

We overrule all contentions presented by Dr. Brown in connection with the issues he presents in this appeal.

The judgment is AFFIRMED.

STOVER, Justice, dissenting.

I respectfully dissent. As explained in the majority opinion, attorney Fullenweider filed a motion to enforce or, alternatively, to clarify the decree of divorce of Michael Brown and Deborah Brown. As the basis for filing a motion in an action in which the judgment had become final some thirteen months earlier, Fullenweider cited section 3.70 of the Texas Family Code, which allows a party seeking to enforce the property division in a decree of divorce to file such a motion even after the judgment has become final.[2]

The majority opinion correctly notes that the divorce decree ordered the parties to "divide their assets and liabilities as set out in the Agreement Incident to Divorce" and to "do all necessary acts to carry out the provisions of such Agreement." The Agreement Incident to Divorce ("AID") allocated specific "debts" to each party in the divorce action and specifically provided that Michael Brown would pay "[a]ll out-

**2.** *See* Act of May 30, 1983, 68th Leg., R.S., ch. 424, § 2, sec. 3.70, 1983 Tex. Gen. Laws 2346, 2350 (current version at Tex. Fam.Code Ann. § 9.001 (Vernon 1998)).

standing attorney fees and fees for other professionals incurred by Michael G. Brown in connection with this lawsuit." The substance of Fullenweider's argument is that such provisions, in conjunction with section 3.70, made him a party to the divorce action and, therefore, gave him authority to bring the motion to enforce/clarify pursuant to the Texas Family Code. As an alternative, Fullenweider likewise pled in his motion to enforce/clarify a sworn account on a debt, as well as other alternative causes of action for breach of contract and quantum meruit. After the motion to enforce/clarify was severed from the divorce action and given a new cause number, Fullenweider filed a motion for summary judgment in which the sole ground was the sworn account action on the debt for fees incurred in the divorce action, including his attorney's fees of $79,258.35 and the $18,019.81 in other fees. Since the debt action was the sole ground in Fullenweider's motion for summary judgment, it was the only ground on which the trial court could have granted the motion. *See McConnell v. Southside Indep. Sch. Dist.,* 858 S.W.2d 337, 339–42 (Tex. 1993). The summary judgment itself simply orders that Fullenweider recover such amounts from Brown.

The majority holds that an attorney is a party in a divorce action with respect to the issue of attorney's fees and, therefore, is entitled to sue for his attorney's fees in a motion to enforce/clarify. Based on the narrow circumstances of this case, I respectfully dissent to the majority opinion and would hold instead that attorney Fullenweider cannot use a motion to enforce/clarify as a vehicle to sue his *own client* for attorney's fees in the divorce suit—the very action in which he is representing the client.

I agree with the majority's statement that, generally speaking, an attorney is not a party in a divorce action. *See Beach v.*

*Beach,* 912 S.W.2d 345, 348 (Tex.App.—Houston [14th Dist.] 1995, no writ); *Martinez v. Martinez,* 608 S.W.2d 719, 720 (Tex.Civ.App.—San Antonio 1980, no writ). However, I disagree with the majority's conclusion that the exception outlined in *John M. Gillis, P.C. v. Wilbur,* 700 S.W.2d 734, 736 (Tex.App.—Dallas 1985, no writ), applies to the instant case. In *Gillis,* the Dallas court of appeals took the position that, with respect to the issue of attorney's fees, an attorney representing a party in a divorce action is also considered a party in regard to collection of attorney's fees. Even if that general principle were true, I would hold it has no application in this case.

The pertinent facts from *Gillis* are detailed below. Attorney Gillis represented Karen, the former wife of Craig Wilbur, in her divorce action against Craig. No attorney's fees were requested in the petition for divorce. Ultimately, Craig and Karen entered into an agreed decree of divorce. Although the decree made no express reference to attorney's fees, it did contain a provision requiring Craig and Karen to each pay " 'any and all debts, charges, liabilities and other obligations incurred by such respective party from and after April 12, 1983,' the date the parties separated." *Id.* at 735. A few days after the signing of the agreed divorce decree, attorney Gillis sent Craig, the opposing party, a demand letter for Karen's fees in the divorce action[3] and some time after that filed a separate "debt suit" against Craig. Ultimately, the trial court granted a summary judgment in favor of Craig on the ground of *res judicata.*

On appeal, Gillis contended he was not a party to the divorce suit and, therefore, was not required to make his claim for attorney's fees against the opposing party in the divorce action itself. Citing other Texas cases, the Dallas court of appeals disagreed and held the parties' attorneys,

3. In light of the divorce decree's provision that each party would pay his own debts and obligations and the silence of the opinion

otherwise, we cannot say on what basis Gillis made a demand upon Craig for attorney's fees.

by virtue of their participation in the divorce action, were "bound by the divorce decree as if they had been parties to the suit." *Id.* at 736 (quoting *Roberts v. Roberts,* 144 Tex. 603, 192 S.W.2d 774, 778 (1946)). The *Gillis* court concluded that "the issue of attorney's fees to be recovered by one spouse, in her own behalf or on behalf of her attorney, *from the other spouse* is an integral part of the divorce action and must be brought in the divorce action." *Id.* at 736 (emphasis added). Attorney's fees are "one factor to be considered by the court in making an equitable division of the estate, considering the conditions and needs of the parties and all of the surrounding circumstances." *Id.* In short, the Dallas court held the award of attorney's fees is intertwined with all of the equities in the case; thus, the "issue of whether a party should be awarded attorney's fees from the *opposing spouse* in a divorce action must be raised in the divorce action or else the issue is barred by res judicata." *Id.* at 737 (emphasis added).

The facts of the instant case are distinguishable from those in *Gillis.* Here, attorney Fullenweider did not file a motion to enforce/clarify seeking attorney's fees from the *opposing* party. To the contrary, he filed in the divorce action a motion to enforce/clarify in which he sought attorney's fees from his own client. Such an action is proper in an independent suit on a debt or a sworn account action, but not, in my view, in the present context.

Accordingly, under the narrow circumstances of this case, I would hold that Fullenweider was not a party to the divorce suit for the purpose of suing his own client for attorney's fees and, thus, had no standing to file the motion to enforce/clarify the decree some thirteen months after the divorce decree was signed. As a result, the trial court did not have jurisdiction to entertain Fullenweider's motion, because *its* plenary power had already expired. See Tex.R. Civ. P. 329b(d). I would, therefore, sustain issue one and dismiss the suit.