# THIRD DISTRICT, FEBRUARY, 1893.

E. F. GOLSON v. JOHN A. FIELDER.

No. 69.

1. **Express Trust—Recitals.**—Mrs. N. and husband executed a deed for certain lands to R., the deed reciting that the consideration for the transfer was the transfer of a judgment in favor of G. and against N. & Bro. by R. as agent. R. conveyed the land to appellee. *Held,* that the recitals in the deed to R. had the effect to impress the legal title held by R. with an express trust in favor of the plaintiffs in the judgment transferred in exchange for the land. A subsequent purchaser under R. is charged with notice of the trust.

2. **Same — Repudiation of Trust.** — The holder of the legal title to land bound by an express trust can not destroy the estate of the beneficiary by denying such trust. See example.

3. **Antecedent Indebtedness.** — A purchaser of the legal title without notice of a trust can not defend as an innocent purchaser when the consideration is the credit of an antecedent indebtedness. To the extent of such indebtedness, the purchase is subject to the trust, although the purchaser had no notice.

4. **Attorney and Client.**—An attorney authorized by his client to dispose of a judgment, and under such authority takes land for it, by taking title in his own name, can not acquire title against his client.

5. **Stale Demand.**—Stale demand will not run in favor of one holding land charged with an express trust, or of a tenant in common, until an unequivocal act of repudiation or of ouster is shown. Payment of taxes will not have the effect of a repudiation of the trust, nor will a claim of the entire estate, unless brought home to the beneficiary.

APPEAL from Llano.   Tried below before Hon. A. W. MOURSUND.

*W. T. Dalrymple,* for appellant.—1. A purchaser paying for land with a pre-existing debt is not an innocent purchaser. Watkins v. Edwards, 23 Texas, 447; Hawley v. Bullock, 29 Texas, 222; Rodgers v. Burchard, 34 Texas, 453; Overstreet v. Manning, 67 Texas, 657; 10 Paige, 180; 61 Texas, 648; 10 Wend., 86; 20 Johns. (N. Y.,) 639.

2. A purchaser is chargeable with notice of the recitals in his chain of title.   14 Texas, 557; 55 Texas, 1, 102; Caruth v. Grigsby, 57 Texas, 259; 48 Texas, 469; Carver. v. Jackson, 4 Peters, 1; 1 Greenl. Ev., sec. 23.

3. The court erred in giving the defendant judgment for all of the land, because the evidence all shows conclusively that defendant was only entitled to one-half the land, and plaintiff the other half. Blankenship v. Douglas, 26 Texas, 226; Burns v. Ross, 71 Texas, 516.

*Geo. T. Todd* and *Miller & Lauderdale,* for appellee.— 1. The principle, that he who buys and credits the purchase price on a judgment debt due by an insolvent debtor, is not a bona fide purchaser for value, is confined to judicial sales as against the rights of prior purchasers, and holders of the legal title whose deeds are unrecorded. Blankenship v. Douglas, 26 Texas, 226; Ayres v. Duprey, 27 Texas, 593; Grace v. Wade & Mains, 45 Texas, 522.

2. While as between Rogers and Golson Bros. a trust in fact might, in a reasonable time, have been shown (Neill v. Keese, 13 Texas, 187), yet as against third parties and innocent purchasers without other notice than the deed itself, no such trust can be shown.

3. The deed from P. T. Norwood and wife to J. H. Rogers, made in 1878, was duly placed upon record in Llano County as soon as made. J. H. Rogers rendered and paid all taxes in his own name, and openly and notoriously claimed the land, and exercised exclusive and undisturbed ownership and control for more than ten years, without objection or protest; and appellant is now estopped and barred by prescription and by stale demand from asserting or maintaining any secret equity in himself after such a lapse of time. Hunter v. Hubbard, 26 Texas, 547; Carlisle v. Hart, 27 Texas, 350; Connolly v. Hammond, 51 Texas, 645; Perry on Trusts, secs. 861–863; Hill on Trustees, 264 (note 2), 265; Ang. on Lim., sec. 471; Boone v. Chiles, 10 Pet., 223; 2 Herm. on Estop. and Res Jud., secs. 1063–1066.

FISHER, Chief Justice.—October 12, 1888, appellant sued appellee, in trespass to try title, for 320 acres of land situated in Llano County. Appellee pleaded not guilty, stale demand, and that he was an innocent purchaser for value of the land sued for. The case below was tried by the court without a jury, and judgment rendered in favor of appellee.

1. Appellant and appellee, as common source of title, each claim the land under a deed executed July 19, 1878, by Mrs. R. T. Norwood and husband, P. T. Norwood, to James H. Rogers.

2. The deed recites, that the consideration for the transfer is "an assignment and transfer to Mrs. R. T. Norwood by James H. Rogers, agent of E. F. Golson & Co., of a certain judgment recovered by Golson & Co. against Norwood Bros., on the 4th day of May, 1874, $17,257.34, and Mrs. Norwood assuming plaintiff's liability for the costs of suit." The deed then proceeds to convey the land to James H. Rogers.

3. James H. Rogers was the attorney for E. F. Golson & Co. in obtaining the judgment against Norwood Bros. described in the deed.

4. For his services in obtaining the judgment, Rogers was to be paid 10 per cent thereof, and only received from Golson & Co. $200 before the deed was executed to him by Mrs. Norwood.

5. At the time the deed was executed by Mrs. Norwood, Rogers, as the agent and attorney of Golson & Co., executed and delivered to her a written assignment and transfer of the judgment mentioned in the deed as the consideration for the transfer of said land by Mrs. Norwood.

6. The transfer of the judgment to Mrs. Norwood and the purchase of the land by Rogers was upon the authority of a certain letter written by appellant E. F. Golson to Rogers, wherein he was empowered to make the trade, and wherein it was agreed that if the trade was made, he, Rogers, was to receive one-half the land received in settlement of the judgment as balance due him on the fee.

7. At the time the letter was written and at the time the purchase of the land was made by Rogers, Golson & Co. had transferred to appellant all interest in the judgment, and he became the owner thereof and successor to the firm of Golson & Co.

8. The above deed from Norwood to Rogers was soon after its execution duly recorded in Llano County.

9. March 12, 1887, James H. Rogers, by deed, transferred the land to appellee, John A. Fielder.

10. At the time of the transfer by Rogers to Fielder, Fielder's attorney inquired of Rogers as to the owvership of the land, and he was told that he (Rogers) owned the land.

11. Since the transfer to Rogers by Mrs. Norwood, he and Fielder have paid all taxes due on the land, and have claimed to own it.

12. The consideration for the land paid to Rogers by Fielder was a debt of about $590, due from Rogers to Fielder for merchandise sold Rogers by Fielder prior to purchasing the land, and about $50 cash paid at the time of the sale.

13. It does not appear from the evidence that Fielder had any notice (and the inference is from the testimony of Todd and Rogers that he did not have any notice, although he himself does not testify) of the existence of the letter from appellant to Rogers authorizing him to transfer the judgment for the land, and also of the execution and existence of the transfer of the judgment, or of the contents of either of said instruments.

14. Appellant lives in Orange County, Virginia, and it does not appear that he ever lived in Texas, and it does not appear that he ever knew that Rogers was asserting an adverse claim or exclusive ownership to the land, or that he had paid taxes on it.

15. Rogers has never paid appellant any part of the consideration for the sale of the land, nor has appellant ever received any transfer to any part of the land, except as above stated, that was transferred to Rogers by Norwood in consideration of the transfer of the judgment.

The court below, upon the facts as stated, found the following as its conclusions of law: "That the deed from Mrs. Norwood to James H.

Rogers, conveying to him a fee simple title, was not, by reason of recitals of consideration, notice to Fielder that Rogers held the land or any part of it in trust for E. F. Golson; and being put upon inquiry by said recitals, the inquiries being pursued by his attorney, led to the conclusion that the title to all of said survey was absolutely vested in James H. Rogers. The said Fielder having paid a valuable consideration for the land, is an innocent purchaser in good faith, without notice of plaintiff's claim, and judgment is rendered in favor of defendant.''

This conclusion of the court below can not be sustained, for two reasons:

1. Because the recital upon the face of the deed from Mrs. Norwood and husband to James H. Rogers, that the consideration paid for the land was the transfer of the judgment in the case of Golson & Co. v. Norwood & Bro., by James H. Rogers as agent, had the effect to impress the legal title of the land held by Rogers with an express trust in favor of Golson & Co. The statement of this fact upon the face of the deed was sufficient to put a purchaser from Rogers upon notice that he held the legal title in trust for the true owner, and such purchaser would acquire the estate charged with such equitable title. The declaration made by Rogers to the attorney of appellee in selling the land, that he owned it, would not have the effect of defeating the equitable title disclosed by the deed under which he held. Appellee could not rely upon such declarations as having the effect as declared by the trial court. The declarations of Rogers asserting title in himself would not affect the rights of the true owner. And we know of no principle of law that permits a purchaser to rest his title, either legal or equitable, upon the declarations of the seller as affecting the title asserted by another.

2. Because the facts show, that the greater part of the consideration paid by Fielder for the land was a pre-existing debt due him by Rogers. Such a consideration can not be the basis of an innocent purchase except to the extent of the amount actually paid at the time of the purchase. Overstreet v. Manning, 67 Texas, 660.

We think, under the facts as shown by the letter written to Rogers by Golson, by authority of which he acted in purchasing the land and transferring the judgment therefor, that Rogers was entitled to one-half of the land, and that appellee is likewise entitled to such extent by virtue of the deed executed to him by Rogers. The interest of appellee to this extent is virtually admitted by appellant in stating his third assignment of error.

In view of the disposition we make of the case, we deem it proper to say, that we do not think the facts of this case call for an application of the doctrine of stale demand.

The facts show that Rogers, at the time he took the conveyance to himself, was the agent and attorney for appellant; occupying this relationship, he would not be permitted to acquire title adverse to his principal, but he holds it charged with an express trust in favor of the party he represents.

Further, the facts show that by virtue of the terms of the letter from appellant under which he acted in purchasing the land, he, by reason of the purchase, became an owner in common with appellant.

In either case, whether as holder of the legal title charged with the express trust or as tenant in common, stale demand will not commence to run until an unequivocal act of repudiation or ouster asserted by him. Simply the payment of taxes will not amount to an ouster or repudiation of the title of the true owner, nor will the assertion of claim to the entire tract have that effect, unless notice of such fact is brought home to the other cotenant or owner.   13 Am. and Eng. Encycl. of Law, 688; Phillipson v. Flynn, 83 Texas, 581.

For the reasons indicated, we reverse the judgment below, and here render judgment in favor of appellant for one-half of the land sued for, and for all costs of suit, together with the costs of this appeal.

*Reversed and rendered.*

Delivered February 1, 1893.