**In the Interest of D.J.D., a Child.**

No. 13–01–079–CV.

Court of Appeals of Texas, Corpus Christi.

June 20, 2002.

---

After a hearing in December, 2000, the trial court granted appellee's plea in abatement and dismissed Gilliland's motion to modify with prejudice. This appeal followed.

David Gilliland, Appellant pro se.

John E. Sherman, Attorney at Law, Houston, for Appellant.

Lester R. Buzbee, III, Attorney at Law, Humble, for Appellee.

BEFORE: Justices DORSEY, HINOJOSA, and WITTIG[1].

## OPINION

DON WITTIG, J. (Assigned).

Appellant, David Gilliland, filed an action to modify the managing conservatorship of the minor, D.J.D. The trial court granted appellee's plea in abatement. Gilliland contends the grant of this plea denied him the right to due process under the Texas Constitution. We affirm.

## Background

This action is the third in a series of lawsuits filed by Gilliland. In June 1999, Gilliland filed a petition to establish paternity of a child. A plea in abatement was filed and the trial court dismissed the case. In January, 2000, Gilliland filed a bill of review, claiming he was not informed of the hearing or dismissal in his earlier suit to establish paternity. The bill of review was denied in March, 2000, and no appeal was taken.

In August, 2000, Gilliland filed this suit to modify the conservatorship of D.J.D.

## Discussion

■ Gilliland contends he was denied due process under the Texas Constitution because he was not given a hearing on paternity. Article I, section 19 of the Texas Constitution states that: "No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land." TEX. CONST. art. I, § 19.

To support his argument, Gilliland relies entirely upon *In the Interest of J.W.T.*, 872 S.W.2d 189 (Tex.1994). In *J.W.T.*, a divided supreme court held the Texas Constitution does not guarantee every natural father ties with his illegitimate offspring. *Id.* at 198. Rather, the court held standing may be constitutionally mandated under some defining circumstances. *Id.* at 195. These defining circumstances may occur when the putative father: (1) asserts his interest near the time of the child's birth; (2) acknowledges responsibility for child support or other care and maintenance; and (3) makes serious and continuous efforts to establish a relationship with the child.[2] *Id.*

The alleged biological father in *J.W.T.*, Larry G., provided proof through scientific testing, showing a 99.4% probability he was the father. *Id.* at 190. Larry G. arranged for prenatal care, and brought suit to establish paternity before the child

1. Retired Justice Don Wittig assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to TEX. GOV'T CODE ANN. § 74.003 (Vernon 1998).

2. These factors are neither inclusive nor exclusive. But in order to show a right is constitutionally protected, something more than an unsupported assertion of paternity when a child is virtually twelve years old, is required.

was born *Id.* at 189. Larry G. acknowledged responsibility for child support, sought visitation rights and, after the birth, sought to maintain contact with the child. *Id.* at 189–190. By contrast, Gilliland filed his claim almost twelve years after the birth of D.J.D. His claim is unsupported by scientific proof, although he requests DNA testing. Except for a brief interlude, Gilliland failed to show attempts to maintain contact with the child and demonstrates no care or support of D.J.D. For these reasons, we hold Gilliland has not shown his interest is constitutionally protected.

■ Appellee also argues Gilliland has no standing to seek modification because he was not a party to the order he sought to modify. *See Doe v. Roe,* 600 S.W.2d 378, 379–80 (Tex.Civ.App.—Eastland 1980, writ ref'd n.r.e.). *Doe* held a person who was not a "party affected" by the original lawsuit in which custody was determined is without standing to bring proceedings under section 14.08 of the Texas Family Code. *Id.* Section 14.08(a) is now section 156.002(a). *See* Tex.Fam.Code Ann. § 156.002(a) (Vernon 1996); *Kirby v. Chapman,* 917 S.W.2d 902, 915 (Tex. App.—Fort Worth 1996, no writ). In 1996, section 156.002(b) was broadened to provide standing to sue for modification to anyone or entity who, at the time of filing, has standing under Chapter 102.[3] Tex.Fam.Code Ann. § 156.002(b) (Vernon 1996).

Gilliland's paternity claim was dismissed by the trial court. His subsequent bill of review was also determined adversely to him. Gilliland took no appeal from these adverse judgments. Gilliland lost his suits under section 156.002(b), and he is not a "party affected by an order" under section 156.002(a). *Doe,* 600 S.W.2d at 379–80.

■ Finally, we note that ordinarily a plea in bar or limitations issue should be disposed of by a motion for summary judgment or trial. Tex.R.Civ.P. 94, 166a; *In the Interest of A.M.,* 936 S.W.2d 59, 63 (Tex.App.—San Antonio 1996, no writ). Gilliland did not object to the trial court's procedure. Gilliland appeared at the hearing with his attorney and actively participated in argument to the court. The purpose of the hearing was made clear on the record. At no time did Gilliland object that summary judgment was the proper pre-trial procedure to dispose of this defense prior to trial. A plea in bar may also be properly sustained at a preliminary hearing when such a procedure is agreed to by the parties. *See Id.* We hold any error by the trial court was waived. Tex. R.App.P. 33.1(a). Gilliland's single issue is overruled.

Accordingly, the judgment of the trial court is affirmed.

---

**3.** Acts of April 20, 1995, 74th Leg., ch. 20, § 1, 1995 Tex.Gen.Laws 113, 172.