Opinion issued November 26, 2008 
 





    







In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-06-01097-CV
____________

IVO NABELEK, Appellant

V.

THE CITY OF HOUSTON, Appellee




On Appeal from the 113th District Court
 Harris County, Texas
Trial Court Cause No. 2004-48326



 
MEMORANDUM OPINION

          Appellant, Ivo Nabelek, an inmate at a state correctional facility, proceeding
pro se and in forma pauperis, appeals from a judgment dismissing his petition for bill
of review. In 1998, Nabelek filed a civil action (“the 1998 action”) against the City
of Houston (“the City”), Lee Brown (the then-mayor of the City), and C.O. “Brad”
Bradford (the then-chief of the Houston Police Department), specifically alleging that
he was suing the latter two defendants in their official capacities, raising claims under
chapters 101 and 104 of the Texas Tort Claims Act,


 the Texas Theft Liability Act,



the due process clause of the United States Constitution, and “other applicable
statutes and laws,” regarding property taken pursuant to a police search and
subsequently introduced into evidence in criminal cases against Nabelek. The 1998
case was disposed of by summary judgment against Nabelek on September 12, 2000,
and a subsequent appeal to this Court was dismissed for want of jurisdiction.


 See
Nabelek v. City of Houston, No. 01-02-00912-CV, 2003 WL 21101285, at *1 (Tex.
App.—Houston [1st Dist.] May 15, 2003, no pet.) (memo op.). 
          On August 31, 2004, Nabelek filed a petition for bill of review seeking to set
aside the summary judgment in the original action. The original petition for bill of
review named as defendant only the City, but an amended petition, filed on August
29, 2006, also named former Mayor Brown and former Police Chief Bradford as
parties. The record does not reflect the issuance of citation or service of process as
to any defendant, but the City filed an answer on October 3, 2006, asserting that the
suit was barred by the statute of limitations pursuant to section 16.003 of the Texas
Civil Practice and Remedies Code,


 and moving for dismissal in its favor, arguing
that Nabelek had failed to use due diligence in procuring service. The trial court
granted the City’s motion to dismiss on November 20, 2006. 
          In three issues, Nabelek complains that (1) the trial court abused its discretion
in granting the City’s motion to dismiss because he exercised due diligence in
effecting service on the City; (2) the trial court violated his rights to due process and
due course of law because it granted the City’s motion to dismiss without examining
the pleadings and relied on inaccurate and misleading statements by counsel for the
City and Nabelek at the hearing on the motion to dismiss; (3) the trial court
erroneously dismissed all claims as to all parties based on the City’s motion, rather
than only dismissing the claims against the City; and (4) an incomplete appellate
record requires that the judgment be vacated and a new hearing on the motion to
dismiss be ordered to develop the lost record. We determine (1) whether the trial
court erroneously dismissed Nabelek’s claims against parties other than the City and,
if not, whether the order granting the City’s motion to dismiss is a final and
appealable judgment of dismissal; (2) whether the loss of a document alleged to have
been filed in the trial court, but absent from the appellate record, requires vacating the
judgment and remanding the cause for a new hearing; (3) whether the City was
entitled to a dismissal of the claims against it as a matter of law because it was not
served within the statute of limitations; and (4) whether Nabelek has preserved a
claim that his due process and due course of law rights were violated. We affirm the
judgment of dismissal.The Order of Dismissal—Its Scope and Finality
          Nabelek asserts, as one of the contentions in his first issue, that the trial court
improperly dismissed “the entire suit and all claims as to all parties,” although only
the City answered the suit and only the City asserted a statute of limitations bar and
asked for dismissal. Nabelek avers that he also named Brown, Bradford, current
Mayor Bill White, and “the police chief in office at the time the petition was filed”
as defendants in his petition, asserts that all defendants were served in September of
2006, and argues that no answer or motion to dismiss was filed by Brown, Bradford,
“or the Mayor and police chief in their individual capacities.”


 He further argues that
the City did not act on behalf of those defendants and thus the trial court had no
authority to dismiss his “claims brought against [Brown and Bradford], as
distinguished from those brought against the City only,” based on the City’s motion. 
Nabelek contends that the trial court should have retained the suit as to the other
defendants or granted Nabelek a motion for default judgment against them.



          The trial court’s order granting the City’s motion to dismiss reads: 
On the ____ day of ____, 2006 came to be considered Defendant
City of Houston’s Motion to Dismiss. After considering the same, the
Court is of the opinion that this motion should be in all things
GRANTED; it is thereby 
 
ORDERED, ADJUDGED, and DECREED that Defendant City
of Houston’s Motion to Dismiss is GRANTED.
 
          The City’s motion to dismiss argued that the City was entitled to a dismissal
in its favor and prayed that Nabelek “take nothing against said City of Houston by
reason of this suit.” At the motion-to-dismiss hearing, the trial court inquired about
service on other parties and then stated that it would grant the City’s motion to
dismiss and “dismiss [Nabelek’s] cause of action, [his] bill of review.” The record
is clear that the trial court believed that the order was a final judgment of dismissal
as to all defendants. However, the subsequent written order did not specifically name
all of the defendants named in the petition. 
          A written judgment controls over a trial court’s oral announcements. See Nine
Greenway LTD. v. Heard, Goggan, Blair & Williams, 875 S.W.2d 784, 787 (Tex.
App.—Houston [1st Dist.] 1994, writ denied). The written order dismisses only
Nabelek’s claim against the City, apparently with prejudice.


 Nabalek’s contention
that the trial court abused its discretion by dismissing Nabelek’s claims against
Brown and Bradford, based on the City’s motion to dismiss, is therefore not
supported by the record, and we overrule this portion of Nabelek’s first issue.
          However, if the trial court’s order dismissed only Nabalek’s claims against the
City, and not his claims as to any other named defendants, a question is raised as to
whether the order is final and thus whether we have jurisdiction to entertain this
appeal. See Lehmann v. Har-Con Corp., 39 S.W.3d 191, 192–93, 195 (Tex. 2001)
(noting that appeal may only be taken from final judgment and holding that judgment
is final only if either it actually disposes of all pending parties and claims then before
the court or states with unmistakable clarity that it is final judgment as to all claims
and parties). It is jurisdictional, fundamental error for a court of appeals to assume
appellate jurisdiction over an interlocutory order when not expressly authorized to do
so by statute. N. Y. Underwriters Co. v. Sanchez, 799 S.W.2d 677, 679 (Tex. 1990). 
We therefore review jurisdictional issues sua sponte. Keith v. Keith, 221 S.W.3d 156,
162 (Tex. App.—Houston [1st Dist.] 2006, no pet.). 
          When a trial court enters a judgment expressly disposing of some, but not all,
defendants, the remaining defendants were not served with citation and did not
answer, and nothing in the record indicates that the plaintiff ever expected to obtain
service on the non-served defendants, the case stands as if there had been a
discontinuance as to the unserved defendants. Youngstown Sheet & Tube Co. v.
Penn, 363 S.W.2d 230, 232 (Tex. 1962); In re Sheppard, 193 S.W.3d 181, 187 (Tex.
App.—Houston [1st Dist.] 2006, original proceeding). The discontinuance acts as a
nonsuit without prejudice as to defendants that were not served, First Dallas
Petroleum, Inc. v. Hawkins, 715 S.W.2d 168, 169–70 (Tex. App.—Dallas, 1986, no
writ), and the judgment is regarded as final for the purposes of appeal. Penn, 363
S.W.2d at 232; Sheppard, 193 S.W.3d at 187; First Dallas Petroleum, 715 S.W.2d
at 169, 170; see also M.O. Dental Lab v. Rape, 139 S.W.3d 671, 674 (Tex. 2004)
(stating that holding in Penn was not overruled by Lehmann and applying Penn). 
Conversely, when the record reflects that a plaintiff expects to obtain service on 
unserved parties, a judgment disposing of solely served parties is interlocutory. See,
e.g., Maryland Cas. Co. v. Amer. Home Assurance Co., No. 01-06-00237-CV, 2007
WL 926514, at *3 (Tex. App.—Houston [1st Dist.] Mar. 29, 2007, no pet.) (memo
op.) (concluding that summary judgment was interlocutory because record indicated
that plaintiff did expect to obtain service on remaining parties); Wanzer v. Mendoza,
No. 04-05-00505-CV, 2005 WL 2368007, at *1 (Tex. App.—San Antonio Sept. 28,
2005, no pet.) (memo op.) (holding that dismissal order was interlocutory when
supplemental record reflected that plaintiff expected to obtain service on and to
pursue claims against unserved parties). 
 
          The record in the case before us does not establish service on any defendants,
though the City filed an answer and asserted at the hearing on the motion to dismiss
that it was served in September 2006. Neither Brown nor Bradford—private citizens
and former city officials at the time that they were named individually as defendants,
separate from the City, in the amended petition for bill of review—filed answers, and
nothing in the record indicates that service was ever requested or obtained on either
individual. The amended petition for bill of review does not request service of
citation on either Lee or Brown; it requests only service of citation on representatives
of the City at either the City’s physical or mailing address. The addresses given by
Nabelek in the petition for all defendants are City Hall and a post office box used by
the City of Houston. 
          At the hearing on the motion to dismiss, the trial court asked if there were other
defendants besides the City. Nabelek responded that “former Mayor Lee Brown” and
“former Chief of Police . . . Bradford” were parties. When asked if any service
attempts had been made on them, the attorney for the City responded, “No.” Nabelek
made no response. The court then granted the motion to dismiss and informed
Nabelek that it was dismissing his “cause of action, [his] bill of review.” Nabelek
replied, “All right. Your Honor, could I give the oral notice of appeal, if that would
please the Court?” At no time did Nabelek assert to the trial court that he expected
to serve Brown or Bradford.


 
          “It is the responsibility of the one requesting service, not the process server, to
see that service is properly accomplished. This responsibility extends to seeing that
service is properly reflected in the record.” Primate Constr., Inc. v. Silver, 884
S.W.2d 151, 153 (Tex. 1994) (citation omitted); see also Tex. R. Civ. P. 99(a). There
is nothing in the record indicating that Nabelek expected to serve either Brown or
Bradford after the trial court made its ruling disposing of Nabelek’s claims against
the City. See M.O. Dental Lab, 139 S.W.3d at 674; Penn, 363 S.W.2d at 232;
Sheppard, 193 S.W.3d at 187. Accordingly, although the trial court in the present
case entered only an order dismissing Nabelek’s claims against the City, because
there were remaining defendants—Brown and Bradford—who were not served, and
because the record does not indicate that Nabelek expected to obtain service on the
remaining defendants, the case stands as if there was a discontinuance as to the
remaining defendants, Brown and Bradford, and the order dismissing Nabelek’s
claims against the City is a final judgment for the purpose of appeal. See M.O. Dental
Lab, 139 S.W.3d at 674; Penn, 363 S.W.2d at 232; Sheppard, 193 S.W.3d at 187;
First Dallas Petroleum, 715 S.W.2d at 169, 170. 
 The Record on Appeal
          In his third issue, Nabelek asserts that “the loss of the trial court record and
resulting incompleteness of the appellate record warrants vacating the trial court’s
final judgment and remanding of the cause for a new hearing on defendant’s motion
to dismiss.” Specifically, Nabelek complains that the “Plaintiff’s Response and
Objections to Defendant’s Answer to First Corrected Amended Petition for Bill of
Review and Motion to Dismiss” and “two letters-requests for execution of service”
are missing and that their omission prejudices the outcome of his appeal because,
without them, this Court cannot consider the facts and claims asserted therein.
          On February 22, 2007, this Court ordered the district clerk to prepare a
supplemental clerk’s record “containing the items that appellant requested in his
November 21, 2006 letter to the district clerk . . . .” Among the requested items were
the two letters and the “Plaintiff’s Response and Objections to Defendant’s Answer
to First Corrected Amended Petition for Bill of Review and Motion to Dismiss.” On
November 1, 2007, a second supplemental clerk’s record was filed with this Court
and includes the two letters referenced by Nabelek in his third issue. Thus, as to these
two letters, Nabelek’s contention is without factual support.
          Not present in the record is the “Plaintiff’s Response and Objections to
Defendant’s Answer to First Corrected Amended Petition for Bill of Review and
Motion to Dismiss.” There is a notation on the index page of the first supplemental
clerk’s record that the district clerk could not locate this document. Although the
record before us does not reflect a formal request under Texas Rule of Appellate
Procedure 34.5(e),


 it does include a letter from Nabelek to the district clerk, dated
October 12, 2007, which references a letter sent to the district clerk dated August 8,
2007, pertinent to this document. According to the recitations in Nabelek’s October
12 letter, he provided a copy of the missing document to the district clerk’s office for
filing on August 8. In his October 12 letter, Nabelek requests the district clerk’s
office to look into the matter and to file the previously provided copy in the court of
appeals. Although that copy of the document does not appear in the appellate record,
Nabelek has provided a verbatim recitation of the contents of the missing document
in his brief and requests us to consider them in our determination of his contentions
on appeal. The City has not opposed this request.


 We will therefore consider the
assertions set forth in the Nabelek’s verbatim recitation of the “Plaintiff’s Response
and Objections to Defendant’s Answer to First Corrected Amended Petition for Bill
of Review and Motion to Dismiss,” contained in his brief, in our resolution of his
contentions on appeal. 
          Accordingly, we overrule Nabelek’s third issue.  
The Question of Due Diligence in Procuring Service
          In the balance of his first issue, Nabelek contends that the trial court abused its
discretion in granting the City’s motion to dismiss on the ground that Nabelek did not
use due diligence to serve the City. Nabelek acknowledges that the City was not
served until about two years after the petition had been filed, which was also about
two years after the statute of limitations had expired, but argues that the trial court
abused its discretion when it granted the City’s motion to dismiss because Nabelek
demonstrated that he had exercised due diligence in effecting service. 
A.      Procedural mechanism below and standard of review to be applied
          The City asserted its limitations argument in a motion to dismiss, which was
incorporated in the same document as its answer to the petition for bill of review. 
The trial court considered the motion to dismiss in a hearing in which it heard
arguments from both parties. No evidence was attached to the motion to dismiss, nor 
was any formal evidence presented at the hearing on the motion to dismiss, though
the trial court entertained arguments and factual assertions from both parties. 
          The statute of limitations operates as an affirmative defense. Tex. R. Civ. P.
94; Estate of Whitsett v. Junell, 218 S.W.3d 765, 768 (Tex. App.—Houston [1st 
Dist.] 2007, no pet.). An affirmative defense, or “plea in bar,” serves to prohibit the
assertion of a cause of action and involves the final disposition of a case. In re A.M.,
936 S.W.2d 59, 62 (Tex. App.—San Antonio 1996, no writ). The proper procedural
mechanism to dispose of a case based on an affirmative defense is a motion for
summary judgment or a trial on the merits. See id.; In re D.J.D., 79 S.W.3d 804, 806
(Tex. App.—Corpus Christi 2002, no pet.). However, the parties may agree to the
consideration of an affirmative defense in a preliminary hearing. Kelley v. Bluff
Creek Oil Co., 158 Tex. 180, 189, 309 S.W.2d 208, 214 (1958); A.M., 936 S.W.2d at
62; D.J.D., 79 S.W.3d at 806; Walker v. Sharpe, 807 S.W.2d 442, 447 (Tex.
App.—Corpus Christi 1991, no writ). If the parties so agree, or if they do not object
when the trial court determines the merits of an affirmative defense in a preliminary
hearing, then the plea in bar may be properly sustained in the preliminary hearing.
Kelley, 309 S.W.2d at 214; A.M., 936 S.W.2d at 62; D.J.D., 79 S.W.3d at 806;
Walker, 807 S.W.2d at 447. 
          In the present case, the City pursued its affirmative defense of limitations
through a motion to dismiss. The issue of limitations was conducted in a pretrial
hearing to which neither party objected and in which both parties participated. The
actions of the parties indicated their consent to the resolution of this affirmative
defense in a preliminary hearing, rather than at a summary judgment or at trial. 
Accordingly, any error that might have occurred because the trial court resolved the
limitations issue at a preliminary hearing, rather than by summary judgment or at trial,
has been waived. See D.J.D., 79 S.W.3d at 806.
          However, the pre-trial resolution of affirmative defenses outside of the
procedural safeguards of summary judgment procedure can result in uncertainty for
the parties, trial court, and appellate courts, making review on appeal problematic. 
See In re D.K.M., 242 S.W.3d 863, 865–66 (Tex. App.—Austin 2007, no pet.)
(reversing order dismissing case on basis of affirmative defense raised in motion to
dismiss rather than in motion for summary judgment, noting that it was unclear what
evidence trial court reviewed, what rules and principles were applied by trial court,
and what rules and standards should be applied on appeal and remanding case for
hearing consistent with rules of civil procedure). Nabalek asserts in his brief that the
City moved for summary judgment and makes his contentions on appeal under that
assumption, arguing, for example, that there was a genuine issue of material fact in
dispute and that the trial court erred in finding that the City was entitled to judgment
as a matter of law. We note that the City’s motion to dismiss cited to summary
judgment case law, claimed that the City was entitled to dismissal as a matter of law,
and prayed that a take-nothing judgment be entered. Accordingly, we will apply the
standard of review for summary judgments. See Harris County Hosp. Dist. v. Textac
Partners I, 257 S.W.3d 303, 312–15 (Tex. App.—Houston [14th Dist.] 2008, no pet.)
(concluding that motion to dismiss was functional equivalent of motion for summary
judgment because it was directed to merits of claims, issues were concurrently
developed in combined response to motion for summary judgment, same or similar
issues were often subject for motions for summary judgment, and neither party had
discussed appropriate standard of review to apply to dismissal; determining that
appropriate standard of review to apply was that applied to grant of summary
judgment).
          Review of a summary judgment is de novo. Provident Life & Accident Ins. Co.
v. Knott, 128 S.W.3d 211, 215 (Tex. 2003). “Summary judgment is appropriate when
there is no genuine issue as to any material fact and judgment should be granted in
favor of the movant as a matter of law.” Diversicare Gen. Partner, Inc. v. Rubio, 185
S.W.3d 842, 846 (Tex. 2005). In our review, we indulge every reasonable inference
in favor of the nonmovant, resolve any doubts in its favor, and take as true all
competent evidence favorable to it. Id. 
B.      Law applicable to due diligence 
          To “bring suit” within the prescribed limitations period, a plaintiff must not
only timely file suit, but must also use diligence to have the defendant served with
process. Rigo Mfg. Co. v. Thomas, 458 S.W.2d 180, 182 (Tex. 1970). The mere
filing of suit does not interrupt the running of limitations unless due diligence is
exercised in the issuance and service of citation. Murray v. San Jacinto Agency, Inc.,
800 S.W.2d 826, 830 (Tex. 1990). If service is diligently effected after limitations
have expired, the date of service will relate back to the date of filing. Proulx v. Wells,
235 S.W.3d 213, 215 (Tex. 2007). In assessing diligence, the relevant inquiry is
determined by a two-pronged analysis (1) whether the plaintiff acted as an ordinary,
prudent person would have acted under the same or similar circumstances; and (2)
whether the plaintiff acted diligently up until the time that the defendant was served.


 
Id. at 216. In determining the second prong, courts consider (1) the time that it took
to procure citation, service, or both and (2) the type of effort or lack of effort that the
plaintiff expended in procuring service. Id.  
          Once a defendant has affirmatively pleaded the limitations defense and shown
that service was effected after the limitations period expired, the burden shifts to the
plaintiff to “explain the delay.” Id. at 215–16. If the plaintiff’s explanation for the
delay raises an issue of material fact concerning the diligence of service efforts, the
burden shifts back to the defendant to conclusively show why, as a matter of law, the
explanation does not demonstrate due diligence. Id. at 216. However, in some
instances, a plaintiff’s explanation of its service efforts may be legally improper, or
may demonstrate a lack of due diligence as a matter of law, such as when one or more
lapses between service efforts are unexplained or patently unreasonable. Id. Delays
of five and six months in requesting issuance and service of citation have been held
to constitute a lack of due diligence as a matter of law. See Butler v. Ross, 836
S.W.2d 833, 836 (Tex. App.—Houston [1st Dist.] 1992, no writ) (holding that
five-and-a-half months of inactivity and no service efforts between failed attempts at
wrong address and proper service at correct address constituted lack of due
diligence); Hansler v. Mainka, 807 S.W.2d 3, 5 (Tex. App.—Corpus Christi 1991, no
writ) (stating that failure to cause issuance of citation for service until five months
after suit was filed affirmatively demonstrated lack of due diligence). It is the
plaintiff’s burden to present evidence regarding the efforts that were made to obtain
service of citation upon the defendant and to explain every lapse in effort or period
of delay. Proulx, 235 S.W.3d at 216.C.Application to the facts
          This dispute has been pending for 10 years.


 The original cause of action was
filed in September 1998, summary judgment was granted in 2000, and the subsequent
appeal was dismissed in 2003. The petition for bill of review was filed on August 
31, 2004, but citation was not served on the City until nearly two years later,
approximately two years after the expiration of the statute of limitations period.



Although the actual return of service is not present in the record, the record reflects
that Nabelek filed a motion to compel service on the City on June 30, 2006, and the
City filed an answer on October 3, 2006, thus indicating that service took place
between those dates.



          Nabelek argues that he exercised diligence in procuring issuance and service
of citation and that his efforts were those that an ordinarily prudent person would
have used under the same or similar circumstances, considering that he is a pro se
inmate, proceeding in forma pauperis. He asserts that he made repeated requests for
the execution of service to the proper authorities and that the failure of the authorities
to execute service in a diligent fashion was due to no fault of his own. He avers that,
being a layman and an inmate, he had limited or no knowledge of the law and whom
to serve.


 Nabelek contends that it was the fault of the clerk of the court, the trial
court itself, the constable who executed the original service, and the City’s legal
counsel that service was not executed until September 2006. 
          The record reflects that Nabelek made efforts to effect service of citation on the
City.


 However, the record also reveals facts that conclusively defeat Nabelek’s
contention of due diligence. 
          First, Nabelek’s original petition for bill of review did not request the issuance
of citation or execution of service on any party. Nabelek admits in his brief that he
did not request execution of service at all in his original petition for bill of review and
did not designate any party or agent for execution of service. He explains that he
expected that the clerk would execute service on the proper agent designated by law.
It is the responsibility of the party requesting service to ensure that service is properly
accomplished. See Tex. R. Civ. P. 99(a) (“Upon the filing of the petition, the clerk,
when requested, shall forthwith issue a citation and deliver the citation as directed
by the requesting party. The party requesting citation shall be responsible for
obtaining service of the citation and a copy of the petition . . .”) (emphasis added);
see also Primate Constr., Inc., 884 S.W.2d at 153. Nabelek did not request issuance
of citation and execution of service on anyone until April 19, 2005—nearly eight
months after filing his original petition. The failure to request service at all,
combined with a lengthy delay, demonstrates a lack of due diligence as a matter of
law. See Cooke v. Maxam Tool & Supply, Inc. 854 S.W.2d 136, 140 (Tex.
App.—Houston [14th Dist.] 1993, writ denied) (holding that failure to request service
on any party at all at time of filing of original petition, combined with lapse of six
months before requesting service, demonstrated lack of due diligence as matter of
law); Hansler, 807 S.W.2d at 5 (determining that failure to cause issuance of citation
for service until five months after suit was filed affirmatively demonstrated lack of
due diligence). 
          In addition to failing to request any issuance of citation or execution of service
for eight months, the record reflects that Nabelek did not request issuance of citation
or execution of service on the proper agent for service for the City until January 19,
2006—nearly 17 months after filing his petition. From April 2005 to January 19,
2006, Nabelek’s only pending request for service was on the City’s legal department,
or Judith Sanchez, neither of which was a proper agent for service for the City. 
          The proper agent for service for a municipality is expressly stated in Texas
Civil Practices and Remedies Code section 17.024(b).


 It was Nabelek’s
responsibility to ascertain the proper person to serve, to request that citation be issued 
on that person, to ensure that service was executed on that person, and to do so with
due diligence. See Tex. R. Civ. P. 99(a); Primate Constr., Inc., 884 S.W.2d at 153;
Rigo Mfg. Co., 458 S.W.2d at 182. The fact that Nabelek is not a lawyer does not
relieve him of this responsibility. Carter v. MacFadyen, 93 S.W.3d 307, 313 (Tex.
App.—Houston [14th Dist.] 2002, pet. denied). A delay of 17 months before even
requesting issuance of citation and execution of service on the proper agent for
service, when the proper agent for service is expressly provided for by statute,
demonstrates a lack of due diligence as a matter of law. See, e.g., Hoehn v. Dallas
County Mental Health & Mental Retardation Ctr., No. 05-94-01515-CV, 1995 WL
500271, at *3 (Tex. App.—Dallas Aug. 16, 1995, no writ) (not designated for
publication) (holding that plaintiff’s explanation that she had served wrong person
because she believed him to be proper agent for government agency, in contravention
of explicit statute in Texas Civil Practice and Remedies Code providing correct agent
for service, and her failure to learn of her mistake for five months, did not raise fact
question on due diligence and was not consistent with due diligence). 
           The record reflects that there is no material question of fact as to due diligence
in effecting service and that the claims against the City were barred by the statute of
limitations as a matter of law because the City was not served within the statute of
limitations. The trial court therefore did not err in dismissing Nabelek’s claims
against the City, and we overrule issue one.
 

Constitutional Challenges
          In his second issue, Nabelek contends that the trial court violated his right to
due process under the Fourteenth Amendment of the U.S. Constitution, and his right
to due course of law under Article I, Sections 10, 19, and 27 of the Texas
Constitution, by not examining the pleadings in the record, and the facts therein, and
relying instead on “misleading and inaccurate information” provided to the court by
Nabelek and opposing counsel during the hearing on the motion to dismiss. 
          Nabelek has failed to cite any authorities that support his contention that the
trial court’s alleged reliance on his arguments, and those of the City’s counsel, or its
alleged failure to review the pleadings on file, was a violation of Nabelek’s right to
due process and due course of law. See Tex. R. App. P. 38.1(h) (requiring clear and
concise argument for contentions made, with appropriate citations to authorities and
record); see also Gomez v. Pasedena Health Care, Inc., 246 S.W.3d 305, 311 n.3 
(Tex. App.—Houston [14th Dist.] 2008, no pet.) (declining to consider constitutional 
issue on appeal when brief did not provide explanation, argument, or analysis of
constitutional provision at issue). Nabelek also did not object at trial that his
constitutional rights were being violated by the trial court’s considering his arguments
in support of his position, along with the arguments of the City’s attorney, nor did he
object that the trial court had not reviewed the record and that such alleged failure
was a violation of his constitutional rights to due process and due course of law. 
Nabelek has failed to preserve his constitutional challenges for appellate review. See
In re L.M.I., 119 S.W.3d 707, 711 (Tex. 2003) (holding that even constitutional
challenges must be presented to trial court in order to be preserved for appellate
review).  
          We therefore overrule Nabelek’s second issue. 

Conclusion

          We affirm the judgment of the trial court.

          Any pending motions are dismissed as moot.
                                                                                                      



                                                                        Tim Taft
Justice
 

Panel consists of Justices Taft, Keyes, and Alcala.