ACCEPTED
04-14-00667-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
8/19/2015 10:48:29 AM
KEITH HOTTLE
CLERK

CAUSE NUMBER 04-14-667-CV

_____

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
08/19/2015 10:48:29 AM
KEITH E. HOTTLE
Clerk

RAMIRO AND EDNA RAMOS AND
FEDERICO SALAZAR, JR., APPELLANTS

v.

THE UNKNOWN HEIRS OF
TOMASA GONZALEZ AND
NARCISO GONZALEZ, APPELLEES

_____

IN THE FOURTH COURT OF APPEALS
SAN ANTONIO TEXAS

_____

ON APPEAL FROM THE
381st JUDICIAL DISTRICT COURT
TRIAL CAUSE NO. DC-09-559
HON. J. MANUEL BANALES,
PRESIDING JUDGE

_____

THE APPELLEES' REPLY BRIEF
TO THE APPELLANTS' REPLY BRIEF

_____

JOHN A. OLSON
Tex. Bar No. 15274750
20634 Creek River
San Antonio TX 78259-2084
210-307-0336 Office
210-402-3924 Fax
jaolson_ccda@yahoo.com

The Appellees' Co-Counsel

ORAL ARGUMENT REQUESTED

HPLAPTOPAMD\DOCUMENTS\RRAMOS\REPLY.brf

TABLE OF CONTENTS

PAGE(S)

INDEX OF AUTHORITIES ………………………………………… i –

THE APPELLEES' REPLY TO
THE APPELLANTS' FIRST REPLY ………………….…………… 2 - 9

THE APPELLEES' REPLY TO
THE APPELLANTS' SECOND REPLY ………………………..….. 9 - 12

THE APPELLEES' REPLIES TO THE
APPELLANTS' THIRD AND FOURTH REPLIES ……………..…… 12 - 13

PRAYER ……………………………………………………....... 14

CERTIFICATE OF SERVICE …………………….…..……….... 14

CERTIFICATE OF COMPLIANCE …………………….…..…….. 15

INDEX OF AUTHORITIES
CASES

Bailey-Mason v. Mason,
334 S.W.3d 39 (Tex. App. -- Dallas 2008, writ denied) …………..… 3

Bush v. Gaffney, 84 S.W.2d 759,
(Tex. App. -- San Antonio 1935, no writ) …………………….…… 2

Casso v. Fullerton,
App. Cause No. 04-05-00905-CV,
(Tex. App. – San Antonio 2006, writ denied) ………………………….10, 11

Dunn v. Dunn, 177 S.W.3d 393,
(Tex. App. – Hous. [1st Dist.] 2005, writ denied) …………………….. 10

Golson v. Fielder, 21 S.W. 173 (Tex. App. 1893) ……………………3, 7

-i-

CASES (Cont'd)

PAGE(S)

Hatley v. Schmidt, 471 S.W.2d 440,
(Tex. App. – San Antonio 1971, writ ref'd) …………………………….... 3

Hill v. Jarvis, App. Cause No. 12-07-00091-CV,
(Tex. App. – Tyler 2008, writ den'd),
(Memo Op.; not designated for pub'n) ……………………………..…8, 10

In re E.A., 287 S.W.3d 1 (Tex. 2009) ……………………………… 13

In the Interest of D.J.D.,
79 S.W.3d 804 (Tex. App. -- Corpus Christi 2002, no writ) …………..… 10

M.A.V. Jr. v. Webb Cty. Court at Law,
842 S.W.2d 739 (Tex. App. -- San Antonio 1992, writ denied) ……………… 2, 4

Mid-Continent Ins. Co. v. Liberty Mut. Ins. Co.,
236 S.W.3d 765 (Tex. 2007) …………………………………………….. 11

Prize Energy Resources, L.P. v. Hoskins,
345 S.W.3d 537 (Tex. App. -- San Antonio 2011, no writ) ……………… 2, 6

Schluter v. Sell, 194 S.W.2d 125 (Tex. App. – Austin 1946, no writ) ………..6, 8

Swearingen v. State, 101 S.W.3d 89 (Tex. Crim. App. 2003) ……………..……. 4

Wheeler v. Phillips,
App. Cause No. 03-10-00221-CV,
(Tex. App. – Austin 2011, writ denied) …………………………..……………. 9

Wooley v. West,
391 S.W.2d 157 (Tex. App. -- Tyler 1965, writ ref'd) …………………..….. 3, 4

HPLAPTOPAMD\DOCUMENTS\RRAMOS\REPLY.brf

CODES

PAGE(S)

Chapter 29, Texas Property Code …………………………………………………11, 12

RULES

Tex. R. Civ. Proc. 21a …………………………………………………….. 13

Tex. R. App. Proc. 33.1(a) ………………………….……… 9

Tex. R. App. Proc. 38.1 (i) …………………………………………….. 2, 8, 9, 12

Tex. R. Civ. Proc. 113 …………………………………………………..….. 12

Tex. R. Civ. Proc. 114 …………………………………………………..….. 12

Tex. R. Civ. Proc. 115 …………………………………………………..….. 12

Tex. R. Civ. Proc. 116 …………………………………………………..….. 12

Tex. R. Civ. Proc. 117 …………………………………………………..….. 12

Tex. R. Civ. Proc. 272 …………………………………………….………. 10

CAUSE NUMBER 04-14-667-CV
_____

RAMIRO AND EDNA RAMOS AND
FEDERICO SALAZAR, JR., APPELLANTS

V.

THE UNKNOWN HEIRS OF
TOMASA GONZALEZ AND
NARCISO GONZALEZ, APPELLEES
_____

IN THE FOURTH COURT OF APPEALS
SAN ANTONIO TEXAS
_____

ON APPEAL FROM THE
381st JUDICIAL DISTRICT COURT
TRIAL CAUSE NO. DC-09-559
HON. J. MANUEL BANALES,
PRESIDING JUDGE
_____

THE APPELLEES' REPLY BRIEF
TO THE APPELLANTS' REPLY BRIEF
_____

TO THE HONORABLE JUSTICES OF SAID COURT:

Pending this Court's ruling on their companion Unopposed Motion for an extension of time to file this Reply Brief, the Appellees present the following Replies:

-1-

## 1. THE APPELLEES' REPLY TO
## THE APPELLANTS' FIRST REPLY.

The Appellees argue that what this Reply's Argument ignores is that none of its authorities and those cited in the Appellants' Brief show that an appellate court has ever affirmed or reversed and remanded for correction a plaintiff's claim for reimbursement of property taxes, expenses, outlays, etc., when the Record unequivocally showed that he, despite having realized for many years that taxes had not been paid, himself then began belatedly paying them but, before, during, or after doing that, did not make a single demand for reimbursement in any form from a cotenant before filing his suit because of the latter's subsequent refusal. Accord Tex. R. App. Proc. 38.1(i)[A Brief must {Emphasized} contain a clear and concise argument to support its contentions with appropriate citations to authorities and to the Record]; M.A.V. Jr. v. Webb Cty. Court at Law, 842 S.W.2d 739, 749 (Tex. App. -- San Antonio 1992, writ denied)[Failure to adequately-brief Point prevents review]; Accord Prize Energy Resources, L.P. v. Hoskins, 345 S.W.3d 537, 562, 588, Fn. 28 & 30 (Tex. App. -- San Antonio 2011, no writ), citing Rule 38.1(i), *supra*.

Surely such evidence cannot be rewarded in this case (See below) under any theory of law and/or equitable principle. Accord Bush v. Gaffney, 84 S.W.2d 759,

-2-

764 (Tex. App. -- San Antonio 1935, no writ)[One "who seeks equity must do equity"]; Golson v. Fielder, 21 S.W. 173, 175 (Tex. App. 1893)["Simply the payment of taxes will not amount to an ouster or repudiation of the title of the true owner, nor will the assertion of claim to the entire tract have that effect, unless notice of such fact is brought home to the other cotenant or owner."].

As for the Argument's reliance on its cases, the Appellees present these rebuttals:

1. Bailey-Mason v. Mason, 334 S.W.3d 39 (Tex. App. -- Dallas 2008, writ den'd) does not support its theory of reversible error because the appellate court denied the appellant's attempt to recover, among other things, property tax payments because her **"pleading sought reimbursement only 'for improvement to the property.'** Thus, her reimbursement claims based on expenditures for …, taxes, ….. must fail." *Id.*, at 45, citing Wooley v. West, 391 S.W.2d 157, 161 (Tex. App. -- Tyler 1965, writ ref'd).

   The Appellees acknowledge that their Third Amended Petition, which replaced their first two, Hatley v. Schmidt, 471 S.W.2d 440, 442 (Tex. App. – San Antonio 1971, writ ref'd), sought the recovery of their paid property taxes. C.R., Vol. 001, P. 305.

-3-

However, even though Mason, *supra*, acknowledged that the appellant paid a sum certain for property improvements, it still reviewed the evidence to see "whether the trial court's failure to find in her favor is so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and manifestly unjust." *Id.*, at 45 (Citations omitted), and found that she had not based on her unspecific pleadings.

As the Appellees stated in their Brief, a party is obligated to include the appropriate review standard for each Point, Swearingen v. State, 101 S.W.3d 89, 100 (Tex. Crim. App. 2003), and the Appellants' original and Reply Briefs do not, which the Appellees argue certainly prevents this Court from making a reasoned decision on whether the trial court abused its discretion, as they claimed. Accord M.A.V. Jr. v. Webb Cty. Court at Law, 842 S.W.2d at 749.

2. In Wooley, *supra*, the court noted that the appellee argued "that the court correctly disregarded the jury's findings to a Special Issue because the undisputed evidence shows that she discharged the lien in the amount of $2,991.11 with her own separate funds and the parties being mere co-tenants, [she] had a right to reimbursement with interest, and also and an equitable right of reimbursement for money expended in preserving the property in the amount of $303.00 (being the taxes)." *Id.*, at 159.

-4-

But when revisiting the issue, the Court stated:

> "As a general proposition, a cotenant who pays more than his share of a debt secured by a mortgage or other lien on the common property, or who makes an outlay for necessary or proper preservation thereof is entitled to reimbursement from his co-tenants to the extent to which he paid their share of the indebtedness.
> The right of contribution arises from equitable considerations, and rests upon the principle that where all are equally liable for the payment of a debt or common burden, all are bound equally to contribute to that purpose even though the paying co-tenant at the time of the payment, asserted exclusive title to the common property or believed himself the sole owner thereof."
> *Id.*, at 160.

Although they inadvertently failed to do so in their Brief, the Appellees now argue that the controlling phrases in that statement to this case are (1) "who pays more than his share," and (2) "to which he paid their share," and (3) "all are equally liable for the payment of a …. common burden, all are bound equally … ".

In contrast, the Appellants' 2 Briefs do not contain a Record reference showing that their total tax payments fell in those ambits, but simply argued that because the trial court found they paid $100,578.31 in *ad valorem* taxes, they were entitled to a Judgment for it repayment, but because they did not, the trial court abused its discretion.

-5-

So, just as was the Appellants' original theories of relief and reversible error were substantively defective, the Appellees argue that this Court can properly find that this Argument's theories are too.

3. In <u>Hoskins</u>, *supra*, this Court reviewed an appeal respecting a title dispute to mineral interests among 4 owners. *Id.*, at 545. The Argument did not favor this Court with a specific page in this case it should review but, suffice it to say, the word "tax" appears once (and only as a statement of fact). *Id.*, at 581; "lien" is not referenced; and, after this Court stated it found only one case applying a particular analysis to a co-tenant's reimbursement claim, it held that:

> "as a general rule oil and gas wells are characterized as improvements to real property; as such, equitable principles apply and dictate that a person 'who in good faith makes improvements upon property owned by another is entitled to compensation therefore.' "
> *Id.*, at 564.

The Argument failed to explain how that holding has a definite application to this case's resolution in the Appellants' favor. <u>Rule 38.1(i)</u>, *supra*.

4. In <u>Schluter v. Sell</u>, 194 S.W.2d 125 (Tex. App. – Austin 1946, no writ), the property in question appears to have been awarded to the parties in California since the appellant filed for its partition there, but dismissed it on grounds that

-6-

the decree was interlocutory. *Id.*, at 132. Thereafter, the appellee, his ex-wife, filed a petition for partition in Texas in which she sought in part the recovery of property taxes she had paid. *Id.*, at 125.

Although the Opinion is silent about when the appellant failed and refused to "do anything about the property," or, whether that occurred before or after the appellee filed her Texas suit, the Appellees argue that a logical conclusion is that it was before she did because the Opinion noted that she testified that the burden of caring for the property fell completely upon her. *Id.*, at 132.

The Appellees argue that what is significant about her evidence is that it shows there was an affirmative action by her to get the appellant to reimburse her for what she paid before filing her Texas suit. *Id.*, at 132 [During all these years ….. ]; Compare Golson, *supra*.

Although the Court disagreed with part of her claim, it sustained her plea for the recovery of her tax payments. *Id.*, at 133.

In contrast, the Appellants' Briefs do not reference any evidence showing that before they filed their 3 Petitions, C.R., Vol. 001, Pp. 13-17, Pp. 72-118, and Pp. 291-308, they notified the Appellees of the tax notices they

-7-

began receiving 16 years ago; sent proofs of their payments in response to the notices, which commenced 13 years later; and then make any form of a demand for reimbursement that was refused. Rule 38.1(i), *supra*.

In support of all of that, the Appellees present this evidence:

A. Although the Appellants first received notice of a tax delinquency in late 1983, R.R. 2, P. 365, Plaintiff's Exhibit No. 1 showed that they did not make the first payment until December 2006. R.R. 3, P. 362.

B. The Appellants notified no Appellee and/or relative of the tax notices, their payments, and/or demand reimbursement, and did not inquire of the tax office if the taxes were being paid. *Id.*, at 140, 311; R.R. 4, Pp. 65-66; and

C. They made no effort to determine what other heirs were alive before their suit was filed . R.R. 3, Pp. 126 – 27; 306 - 307.

Therefore, Schluter, *supra*, is not only inapplicable to their theories of equitable relief and the trial court's abuse of discretion, its facts are inapposite.

5. In Hill v. Jarvis, App. Cause No. 12-07-00091-CV (Tex. App. – Tyler 2008, writ den'd)(Memo Op.; not designated for pub'n), the Opinion stated that "At the close of evidence, the parties stipulated that the Jarvises were responsible to repay a substantial part of the taxes the Hills paid.

-8-

The Appellants' original and Reply Briefs do not cite a Record reference to such evidence in this case. <u>Rule 38.1(i)</u>, *supra*.

6. In <u>Wheeler v. Phillips</u>, App. Cause No. 03-10-00221-CV (Tex. App. – Austin 2011, writ denied), the Opinion showed that Phillips, to whom the property in question was conveyed, and another began making tax payments on it after receiving notices of delinquencies in 1998; that Wheeler had an interest in it in 1998; and that – more significantly to this case -- he was aware of the payments prior to and during the suit's pendency.

Again, the Appellants' original and Reply Briefs do not contain a Record reference to such evidence. *Id*.

## 2. THE APPELLEES' REPLY TO THE APPELLANTS' SECOND REPLY.

The Appellees first argue that this Reply's Argument that they mistakenly relied on <u>Tex. R. App. Proc. 33.1(a)</u> to rebut the Appellants' theory of relief in their Brief's second Issue is itself wrong because the Rule does not state that it is limited to the admission or failure to admit evidence, and the Argument does not cite authority supporting that claim.

In fact, authority holds that a party can present an Issue complaining about a trial court's procedure, but have it overruled through a failure to comply with the

Rule. In the Interest of D.J.D., 79 S.W.3d 804, 806 (Tex. App. -- Corpus Christi 2002, no writ); have an Issue overruled for a failure to have objected to the trial court's findings of fact and conclusions of law. Dunn v. Dunn, 177 S.W.3d 393, 398 (Tex. App. – Hous. [1st Dist.] 2005, writ denied), citing cases for the same conclusion; and have one overruled for a failure to have objected to a jury issue. Hill, *supra*, citing Tex. R. Civ. Proc. 272.

Finally, the Argument does not explain how its cases show that their trial court committed reversible error in light of the evidence before it. Since the Appellees have already briefed all of the Argument's cases except Casso v. Fullerton, App. Cause No. 04-05-00905-CV (Tex. App. – San Antonio 2006, writ denied), they will now only brief the question of whether it supports the Appellants' second Issue alleging reversible error.

Casso, *supra*, certainly held that the trial court erred in calculating the Casso's reimbursements, and reversed and remanded the appeal accordingly. However, the Cassos sued the appellee under an equitable subrogation theory of relief; in contrast, the Appellants did not, C.R., Vol. 001, Pp. 291-308, and their Briefs do not claim they did.

The Appellees argue that those failures are significant to a determination of whether Casso, *supra*, has an actual application to this Reply because the doctrine of

-10-

equitable subrogation allows a party -- who otherwise lacks standing -- to prosecute a claim belonging to a party with standing. See, *e.g.*, Mid-Continent Ins. Co. v. Liberty Mut. Ins. Co., 236 S.W.3d 765, 774 (Tex. 2007).

Obviously, the Appellants' pleadings and the Record unequivocally show that they sued the Appellees only on their own behalf. Therefore, Casso, *supra*, also has absolutely no application to their Second Issue of reversible error.

Finally, the Appellants' third and fourth consolidated Replies state that they fervently argued at trial and on appeal that Chapter 29 of the Texas Property Code was just one of several means to obtain the reimbursement they sought. Reply Brief, P. 3.

As the Appellees stated in their Brief, the Record shows that the trial court's Judgment recognized that theory of the Appellants' basis for relief ["Both parties find support in" that Chapter "to urge their respective positions." C.R., Vol. 002, P. 636, ¶ 4., sub-¶ 2.], and the Appellants never thereafter objected to that Finding.

That being so, the Appellees argue that this Court can properly find that the Appellants' trial and appellate stipulations that they had multiple theories of relief certainly allowed the trial court to choose which of the theories upon which it would base its decision to conclude that they were not entitled to a Judgment and, then, allow it to also properly find that further inquiry into whether the court abused its

-11-

discretion is foreclosed.

The Appellees next argue that even if this Court were to find the trial court abused its discretion (which they again deny happened given the context of the Record and the Appellants' stipulations), it was invited error and, therefore, its review can be properly denied on that basis.

### 3. THE APPELLEES' REPLIES TO THE APPELLANTS' THIRD AND FOURTH REPLIES.

At the outset, the Appellees argue that the Appellants' first claim that they did not rely on Chapter 29, *supra*, for relief is completely irreconcilable with their next claim that they fervently argued at trial and on appeal that it was one of several means to get reimbursed, and these Replies' consolidated Argument does not contain a Record reference showing that at any point in the trial proceedings did they argue that although the Chapter was one means to obtain reimbursement, there was another that superseded it because of the evidence before the court. Rule 38.1(i), *supra*.

The Appellees next argue that the Argument should be disfavored because it also does not cite authority to support their theory of reversible error. *Id.*

As for their reliance on the citation by publication, it is questionable because the Argument does not show where in the referenced pages strict compliance with Tex. R. Civ. Proc. 113 - 117 was complied with as to the persons named in their

-12-

Brief.

Finally, as was noted, the Appellants' Third Petition replaced their previously-filed Petitions. Case law holds that as a general rule citation need not be reissued if an amended Petition is filed; however, if it alleges a more onerous cause of action, it must be effected in accordance with Tex. R. Civ. Proc. 21a. In re E.A., 287 S.W.3d 1, 4 (Tex. 2009).

In that regard, the Appellants' first two Petitions made no reference to their alleged right to be reimbursed for tax payments on the property in question, but generally sought Judgments holding that they owned it in equal undivided shares, granting them court costs, attorney's fees, and such other and further relief, general or special, at law or in equity, to which they may be shown to be justly entitled. C.R., P. 16 & 163.

However, their Third Amended Petition alternatively sought a Judgment against the Appellees for the taxes the Appellants paid, and a lien against the property, etc. *Id.*, at 305.

The Appellees argue that the Prayer made the Appellants' cause of action against them more onerous and, therefore, any non-answering defendant must have been served with a copy of that Petition in conformity with Rule 21a, *supra*. In re E.A., 287 S.W.3d at 4.

-13-

PRAYER

Based on their Responses to the Appellants' Brief's ISSUES and the foregoing Replies, the Appellees again pray that this Court will affirm the trial court's Judgment, and assess against the Appellants all costs and fees allowable by law and equity.

Respectfully Submitted By:

_____ / JOHN A. OLSON / _____

JOHN A. OLSON
Tex. Bar No. 15274750
20634 Creek River
San Antonio TX 78259-2084
210-307-0335 Office
210-402-3924 Fax
jaolson_ccda@yahoo.com

For the Appellees

CERTIFICATE OF SERVICE.

I delivered a copy of the Appellees' Brief to the Law Offices of Mr. Keith P. Miller and Ms. Megan C. Kucera, the Appellants' Attorneys, on 19 August 2015.

_____/ JOHN A. OLSON /_____

JOHN A. OLSON

-14-

## CERTIFICATE OF COMPLIANCE

This Brief's font is 14 points and contains less than 4,000 words.

_____ / JOHN A. OLSON / _____

JOHN A. OLSON